IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW BROWN, RITA BROWN ) | |
| individually and as guardian for T.Z., A. Z., ) | |
| K. B., A.B., minor children, ) | |
|         Plaintiff, ) | |
| ) | Case No. 13-4556 |
| v. ) | |
| ) | Judge |
| CITY OF CHICAGO, LAFAYETTE TRIPLETT, ) | |
| EDWIN UTRERAS, JOHN KNEZEVICH, ) | Magistrate |
| DAVID ZDANYS, ERIC CATO, ) | |
| ) | |
| ) | |
| ) | |
|         Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff ANDREW BROWN ("Andrew") and RITA BROWN ("Rita"), individually and as guardian of T.Z., A. Z., K.B., A.B., minor children (individually and collectively herein, "Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants, DAVID ZDANYS, LAFAYETTE TRIPLETT, ERIC CATO, EDWIN UTRERAS, JOHN KNEZEVICH, and the CITY OF CHICAGO (individually and collectively herein, "Defendants"), states as follows:

## NATURE OF CLAIM

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the fourth and Fourteenth Amendments to the United States Constitution

## JURISDICTION and VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3). Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

3. At all times herein mentioned Plaintiffs were and are citizens of the United States and resides within the jurisdiction of the court.

4. At all times herein mentioned, defendants, DAVID ZDANYS, LAFAYETTE TRIPLETT, ERIC CATO, EDWIN UTRERAS, JOHN KNEZEVICH, were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacities.

5. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## FACTS

6. On June 23, 2011, Plaintiffs owned a dog named "Sluggo". Plaintiffs who were domiciled at 10328 S. Trumbull, Chicago, Illinois ("family residence"), raised Sluggo from when he was a puppy until the time of incident. Sluggo was friendly, obedient, had no history of biting, was neutered, properly licensed and current with his immunizations. Sluggo was the constant companion of all the Plaintiffs.

7. Andrew and the other Plaintiffs lived at the family residence.

8. On June 23, 2011 at approximately 3:25p.m., Plaintiff, T.Z., A.Z., and Sluggo were

present at the family residence.

9. The Defendants breached the door to the residence, with their weapons drawn. They did not identify themselves as Chicago Police officers.

10. Defendant Tripplet fired shots blindly into Andrew's bedroom, striking and wounding Andrew. Defendant Triplett then walked into Andrew's bedroom, pointed his firearm inches from Sluggo's face and fired. Plaintiff and "Sluggo" were in complete compliance with police orders making no movement indicating aggression. "Sluggo" did not lunge at any officers. None of the defendants attempted to intervene, or made an effort to save the life of Sluggo, who died shortly after the shooting. The Defendants failed to follow Chicago Police Department protocols, evidence collection techniques and procedures for Andrew and "Sluggo"

11. Plaintiff was arrested by defendant officers and was charged with violating Illinois law.

12. By reason of the above-described acts and omissions of the defendant police officers, the Plaintiffs sustained injuries and suffered great mental and emotional pain and suffering.

13. The aforementioned acts of the defendant police officers were willful, wanton, and done with reckless indifference to and/or callous disregard for Plaintiffs' rights, justifying the awarding of exemplary and punitive damages.

**COUNT I - 42 U.S.C. §1983 - UNREASONABLE SEIZURE AGAINST OFFICER TRIPPLET**

14. Plaintiffs re-allege counts 1 -14 of this Complaint as though restated herein.

15. On June 23, 2011 defendant officers-including officer Triplett shot and killed Sluggo, when there was no immediate danger and the use of force against Sluggo was avoidable and unnecessary. This action violates Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

16. When defendant officers shot Sluggo, and assisted in the unreasonable seizure, they were acting in their official capacity as law enforcement officers, under color of state law, and within the ordinary course and scope of their employment. As a direct and proximate result of such conduct, Plaintiffs have been damaged, and have been deprived of their constitutional and statutory rights guaranteed by the Fourth Amendment and protected under 42 U.S.C. § 1983.

**COUNT II-42 U.S.C. §1983 – EXCESSIVE FORCE AGAINST DEFENDANT OFFICERS**

17. Plaintiffs re-allege counts 1 - 16 of this Complaint as though restated herein.

18. Acting under color of law and in their official capacity as law enforcement officers, defendant officers-including officer Triplett used excessive force against Andrew by shooting him while he stood in a nonthreatening and complaint manner. The defendants compounded the injury when they refused to acknowledge the wound to Andrew.

19. The force used by defendant officers, in shooting at and wounding Andrew was excessive, unnecessary and unreasonable.

20. The failure of the other officers to intervene and to provide assistance to Andrew was also unreasonable.

21. By reason of the conduct of defendant officers, Andrew was deprived of his rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant officers are liable to Andrew pursuant to 42 U.S.C. §1983.

**COUNT III - 42 U.S.C. 1983 ("Monell" Claim) AGAINST CITY OF CHICAGO**

22. Plaintiffs re-allege counts 1 - 20 of this Complaint as though restated herein.

23. Acting under color of law and pursuant to official policy, custom or widespread practice, the City of Chicago and its supervisors knowingly, recklessly or with deliberate indifference and callous disregard of Plaintiffs' rights, and the rights of dog owners in the City of Chicago, failed to instruct, train, supervise, control and/or discipline, on a regular and continuing basis, police officers in their duties to refrain from unlawfully and unnecessarily shooting, killing, injuring and damaging dogs, pets, and/or domestic animals by using excessive and/or unwarranted force against pets that pose no immediate danger and/or where the use of such force is avoidable.

24. Defendant City of Chicago had specific knowledge of said policy, custom or practice and exhibited a deliberate indifference to the unreasonable risk of property damage or loss, which said policy, custom or practice posed.

25. The City of Chicago and its supervisors had an affirmative duty to prevent, or aid in preventing, the commission of such wrongs. Instead, Defendant City knowingly, recklessly, and with deliberate indifference and callous disregard of Plaintiffs' rights and the rights of dog owners in Chicago, failed and refused to do so.

26. The City of Chicago and its supervisors directly or indirectly under color of law approved or ratified the unlawful, deliberate, malicious, reckless, or wanton conduct of its police officers as described above.

27. As a direct and proximate result of such conduct, Plaintiffs have been damaged in various respects, all attributable to the deprivation of their constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. § 1983.

## COUNT IV - DECLARATORY RELIEF AGAINST THE CITY OF CHICAGO AND INDIVIDUAL DEFENDANT OFFICERS

28. Plaintiffs re-allege counts 1 - 26 of this Complaint as though restated herein.

29. An actual controversy over which this Court has jurisdiction now exists between Defendants and Plaintiffs concerning their respective rights, duties and obligations for which Plaintiffs desire proper declaratory and injunctive relief. 28 U.S.C. §§ 2201-02.

30. As more fully set forth above, Plaintiffs are entitled to a declaration and notice of their right to property, right to be free from unreasonable seizures and emotional distress, and rights to be free of Defendants' misconduct which tramples upon their rights and the above-pleaded law. See Counts I thru III.

31. Additionally, when Officer Triplett shot Sluggo he violated Chicago Police Department Special Order No. 08-13 ("Special Order") that deals with Incidents Involving Animals.

32. Furthermore, Plaintiffs contend that the Special Order is insufficient and does not adequately address how Chicago Police Department members shall interact with pets. By way of example only, the Special Order does not have any guidelines for interacting with pets or social pets that may have temporarily gotten loose or for dealing with domesticated animals or family pets. The Special Order states that if a stray animal presents an immediate threat to the safety of any person, department members may take appropriate action. The Special Order does not define what a stray animal is, does not give any guidelines as to determining whether an animal is an immediate threat to the safety of any person, and does not give any guidelines as to what an appropriate action may be. The Special Order additionally does not provide any guidelines or police officer training for interaction with pets. Nor does the Special Order provide any definition allowing officers to distinguish between pets or wild or undomesticated animals.

33. Plaintiffs contend that due to a lack of departmental guidelines, training, or procedures, Defendant Office Triplett, and other Chicago Police Officers, are inadequately prepared to interact with pets or address situations involving animals, are inadequately advised or informed regarding same, and therefore are likely to injure or kill pets, cause damage and great harm to people such as Plaintiffs and/or violate the above- described laws {see Counts l-3) in the future.

34. Plaintiffs request that the court declare the parties' rights and obligations as follows: whether Defendants' present policies and procedures unlawfully fail to account for protections and rights afforded to Plaintiffs' under applicable law as set forth above {see Counts I-III), including for example rights to property and the right to due process, a required standard of care, and freedom from unnecessary and unreasonable excessive force, emotional distress, or aggravated cruelty inflicted upon them and their pets.

35. Plaintiffs independently request an order enjoining Defendants from continuing their policies and practices that fail to take into account or provide any consideration for Plaintiffs' rights and privileges as set forth above.

36. Third, Plaintiffs request additional immediate injunctive relief including ordering Defendant City of Chicago to draft adequate policies and guidelines for police officer interaction with pets; and ordering the City of Chicago to require all police to undergo commensurate training to diminish the likelihood of injury or death to pets and damage to Plaintiffs, by Chicago Police Officers.

37. The balancing of hardships weigh in favor of granting relief, as the harms of allowing Chicago Police to continue to interact with pets as is, and based on inadequate guidelines, greatly outweighs the cost of the requested relief.

38. It would do no great hardship for Defendant's policies and procedures to account for

Plaintiffs' above-stated rights, privileges, protections, and interests, without sacrifice to Defendants' obligations to protect the peace, including Chicago residents and their pets.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

    a. Find that Defendants are in violation of the applicable law as stated above;

    b. Award all economic, non-economic and punitive damages as permitted by applicable law;

    d. Provide declaratory relief for Plaintiffs as requested above, consistent with applicable law;

    e. Provide corresponding injunctive relief for Plaintiffs as requested above, consistent with applicable law;

    f. Award costs and attorneys' fees as permitted by applicable law (including without limitation 42 U.S.C. § 1988); and

    g. Provide such other relief as may be awarded by the Court.


Dated: June 20, 2013                                                            /s/ Scott T. Kamin
                                                                                                Scott T. Kamin


Scott T. Kamin
Law Offices of Scott T. Kamin
53 W. Jackson Blvd, Suite 1028
Chicago, IL 60604
(312) 322-0077
Ill. Attorney No.: 6226855